EMILY HOWELL and STATE PLUMBING AND HEATING SUPPLY COMPANY, a corporation of the State of New Jersey, complainants,

*v.*

JOSEPH C. KECK and HAROLD KECK, individually and trading as KECK'S PLUMBING SUPPLY Co., defendants.

[Decided February 20th, 1940.]

*Mr. Martin J. Cummins,* for the complainants.

*Messrs. DeBaun & Westervelt,* for the defendants.

LEWIS, V. C.

Defendant Joseph C. Keck was a stockholder and employe of State Plumbing and Heating Supply Company, one of the complainants.

On August 26th, 1938, he entered into a contract with complainant Emily Howell whereby he sold his stock in the corporation to her and agreed that he would not for a period of two years, within a radius of five miles from the city of Hackensack, engage either as principal or agent in a similar business. His son, Harold Keck, another defendant, at the time was employed by complainant corporation in a subordinate capacity.

Soon after the making of the contract, both defendants left the plaintiff corporation and almost immediately thereafter the son started an identical business under the name of Keck's

Plumbing Supply Co. in the city of Hackensack. This suit is brought to restrain the father and the son from conducting the business carried on in the name of the son.

It is the contention of complainants that the son is a mere dummy for the father and that the conduct of the business in the name of the son is a mere subterfuge to permit the father to violate his covenant not to engage in a competing business. In such cases, the courts of this state have enjoined persons not parties to the covenant against participating in its breach. *Collabella* v. *Naidech, 118 Atl. Rep. 259; Stone* v. *Goss, 65 N. J. Eq. 756; Fleckenstein Brothers Co.* v. *Fleckenstein, 66 N. J. Eq. 252; Wm. T. Wiegand Glass Co.* v. *Weigand, 105 N. J. Eq. 434.*

In the *Wiegand Case,* the court (at *p. 436*), quoted with approval from the *Fleckenstein Case,* as follows:

"Where a proprietor of a business has sold the same, and has covenanted not to engage in that business as agent or servant, strangers to the contract, who established a similar business under the name of the wife of the covenantor, may be enjoined, at the instance of the purchaser of the business, from causing the covenantor to violate the contract by employing him, and holding him out as their active agent and superintendent, with knowledge that the purchaser is thereby being injured and obtaining a corresponding advantage to themselves in their business."

The facts as shown by the testimony in the instant suit bring the case clearly within the principle of the cases cited. The admissions made by the son in his testimony are of themselves almost sufficient to prove the case against the defendants. According to his own statements before he started in business, he talked the matter over with his father and rented a building in which his father became a tenant above the son's store. The father furnished substantially all the capital with which the business was started. He and his father together bought a car which the son used to make deliveries in the business. He said he was not confident of his ability to run the business and, in fact, he testified that he consulted his father regarding various aspects including information as to who would be good credit risks. He also

admitted that when he was out of the store "naturally my dad would have to run downstairs" and that on such occasions his father took care of the business. He substantially admitted that even before he and his father left the employ of complainant corporation, he overheard his father telling its customers that the son was about to start in business for himself and suggested that they do business with the son. He stated that he knew of the restrictive covenant against his father.

In addition, there was testimony to show that the father participated in sending out announcement cards of the opening of the son's business; that the father actually at times participated in the conduct of the business and that the father greeted customers at the son's store, soliciting their business.

The testimony clearly shows that substantially all of complainant's customers were solicited either by the father or the son and that in fact some of them were taken away from complainant corporation.

The conclusion seems inevitable that the son's appearance as the sole owner was a mere subterfuge to cover the defendant's operation of it.

A decree will be advised restraining both the defendants from violating the restrictive covenant.